TURNER *et al. v.* WINN, sheriff.

Though an affidavit of illegality may not have been sufficient in law to have arrested an execution levied on land, yet if not so manifestly without foundation as to lead to the conclusion that the sheriff receiving it was in contempt in not obeying the process, and it may be inferred that he acted in good faith in so doing and in returning it with the writ to the court, and there be no attempt to show that the plaintiff suffered any special damage or loss by by such action, it is not an abuse of discretion to discharge a rule against the officer for not making the money due on the execution. November 25, 1889.

Rule. Sheriffs. Illegality. Officers. Before Judge LUMPKIN. Oglethorpe superior court. April term, 1889.

At the October term, 1868, of Oglethorpe superior

court, a judgment was rendered in favor of Glenn *et al.*, executors, *v.* W. H. Paul, Richard Ward, and Thomas R. Tiller, administrator of M. W. Woods, deceased. Execution issued November 12, 1868, and on February 1, 1873, was levied on land as the property of M. W. Woods, deceased, and written notice given to Tiller, administrator. This judgment and execution were transferred by the plaintiffs therein to one Johnson; by him, February 20, 1873, to Thos. R. Tiller, as administrator of M. W. Woods; and by Tiller, December 11, 1875, to R. H. & R. F. Turner, "for value received and without recourse on said T. R. Tiller as aforesaid." On March 17, 1882, the judgment and execution having become dormant, a *scire facias* to revive them was issued at the instance of R. H. & R. F. Turner, and was served upon W. H. Paul and Richard Ward. No objection being offered, judgment of revival was rendered October 16, 1882, and execution issued on the 31st of that month against W. H. Paul and Richard Ward in favor of Glenn, executor, for the use of R. H. & R. F. Turner. This was levied, February 28, 1889, by J. D. Winn, deputy-sheriff, on land as the property of Richard Ward, and the same was advertised to be sold on the first Tuesday in April succeeding. On April 2, Richard Ward tendered to the deputy-sheriff an affidavit of illegality on the following grounds:

(1) Deponent was only security on the original debt upon which said judgment was rendered, for the principal debtor, W. H. Paul, and his co-surety was M. W. Woods; and previously to the rendering of the original judgment, Woods died and Thos. R. Tiller became his administrator, and the original judgment was rendered against Paul, deponent, and Tiller as the administrator of said Woods.

(2) Plaintiffs allowed Tiller to fully administer the estate of Woods and obtain letters of dismission, al-

though the estate was sufficient to pay said debt; and Tiller, as administrator, not having pleaded any want of assets, was individually liable as co-surety with deponent and amply solvent and able to pay his share of the debt.

(3) When *scire facias* was issued to revive the judgment, which plaintiffs negligently allowed to become dormant, Tiller was not made a party thereto either as administrator or individually, but was, without the knowledge or consent of deponent, released from any liability as surety or otherwise on the judgment, and no judgment upon the *scire facias* was taken against him; and the judgment thereby became and is barred by the statute of limitations against Tiller as administrator and individually.

(4) "By reason of the above acts and conduct on the part of the plaintiffs, the co-surety on said debt and judgment of this deponent has been released, and thereby plaintiffs have freed and released this deponent from any liability on said debt and judgment."

This affidavit of illegality was by the deputy-sheriff returned to the superior court, where it was dismissed as insufficient in law. On April 15, 1889, upon petition of R. H. & R. F. Turner, a rule *nisi* was issued against the levying officer to show cause why he should not pay over to them the amount due upon the execution. He answered that he never knew of any property of defendants, Paul or Ward, subject to levy and sale, until plaintiff's attorney, W. G. Johnson, pointed out the land levied on, and as soon as this was done he at once levied the execution upon the same and advertised it as provided by law; that when about to sell, Ward served him with the affidavit of illegality, whereupon he suspended sale and returned the affidavit of illegality to the court to be tried and disposed of, which he believed to be his legal duty; that he believed the affidavit

made an issue of fact, which, if sustained by proof, was a valid legal defence, and he had no right to dispose of it otherwise than as he did; and that he acted in entire good faith and upon the advice of Hamilton McWhorter, a disinterested member of the bar. He further answered that, before the levy was made, the attorney of the plaintiffs, W. G. Johnson, often instructed him not to levy the execution, as there were older ones against Ward that would take the money.

On the hearing upon the rule and untraversed answer, it was ordered that the rule be dismissed; whereupon the plaintiffs tendered their bill of exceptions.

W. G. JOHNSON, by brief, for plaintiffs.

J. T. OLIVE, by HARRISON & PEEPLES, for defendant.

BLANDFORD, Justice.

This was a rule against the sheriff. In answer to the rule the sheriff set up that a certain affidavit of illegality had been tendered him by the defendant in execution, and that he had suspended the levy of the same upon certain land and returned the same to court; that he did this in good faith, believing that there was an issue tendered by said affidavit which required the judgment of the court; and that he did not think it was in his power to adjudicate the issues of law and fact that might arise upon said affidavit of illegality. The court discharged the rule, and the plaintiff in execution excepted and says the court erred in not making the rule absolute.

We think the court did right, or at least did not abuse its discretion, inasmuch as the execution was levied upon land, and it was not shown or attempted to be shown that the plaintiff in execution suffered any special damage or loss by reason of the action of the sheriff. Although the affidavit itself may not have been sufficient in law to have arrested the execution, yet

it is not so manifestly without foundation in law as to lead to the conclusion that the officer was in contempt in not obeying the process of the court; and the inference may be drawn that he acted in good faith in receiving the affidavit of illegality and returning it and the writ to the court.                    *Judgment affirmed.*